the injunction issues cannot be determined in this action.

 The trial court dismissed the cross-complaint and the counterclaim upon the grounds that the Indian Claims Commission or the Court of Claims is the proper forum in which to seek money damages upon Indian claims, and not the Federal District Court.[5] No appeal was taken from this order of dismissal and it may not be considered here.[6]

The fact that the government instituted the original action for injunctive relief would not extend jurisdiction to a claim presented in a cross-complaint over which Congress had not authorized the United States to be sued. Suits against the United States may be brought only when consent is given by Congress and then only in courts designated.[7]

Judgment is reversed and the cause remanded with instructions to reinstate the complaint and proceed in accordance with the views herein expressed.

Carr & Carr & Gravely, Joseph J. Gravely, St. Louis, Mo., Harris, Kiech, Foster & Harris, Ward D. Foster, Los Angeles, Cal., for appellant.

C. A. Miketta and W. W. Glenny, Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, HEALY, Circuit Judge, and GOODMAN, District Judge.

## DAY–BRITE LIGHTING, Inc. v. RUBY LIGHTING CORP.

No. 12633.

United States Court of Appeals Ninth Circuit.

Aug. 9, 1951.

PER CURIAM.

The judgment is affirmed on the findings of fact and conclusions of law of the district court, except as to the judgment for attorneys' fees. There is no showing or finding of unfairness or bad faith in the conduct of the losing party nor any other equitable consideration of similar force

5. 25 U.S.C.A. § 70a; 28 U.S.C.A. § 1505.

6. Bryant v. Mass. Bonding & Ins. Co., 5 Cir., 158 F.2d 967; Arkansas Fuel Oil v. Leisk, 5 Cir., 133 F.2d 79; Swig v. Tremont Trust Co., 1 Cir., 8 F.2d 943; Lasswell Land & Lumber Co. v. Lee Wilson & Co., 8 Cir., 236 F. 322, certiorari denied 242 U.S. 652, 37 S.Ct. 245, 61 L. Ed. 546; Morley Const. Co. v. Md. Casualty Co., 300 U.S. 185, 57 S.Ct. 325, 81 L.Ed. 593; United States v. American Ry.

Exp. Co., 265 U.S. 425, 44 S.Ct. 560, 68 L.Ed. 1087; Landram v. Jordan, 203 U.S. 56, 27 S.Ct. 17, 51 L.Ed. 88.

7. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; Nassau Smelting & Refining Works v. United States, 266 U.S. 101, 45 S.Ct. 25, 69 L.Ed. 190; Ill. Central R. Co. v. Public Utilities Comm., 245 U.S. 493, 504, 38 S.Ct. 170, 62 L.Ed. 425.

which makes it grossly unfair that the winner of this lawsuit be left to bear the burden of his own counsel fees which prevailing litigants normally bear, to bring the award within the discretionary power conferred in 35 U.S.C.A. § .70. Park-In-Theatres, Inc. v. Perkins, 9 Cir., 190 F.2d 137.

The judgment is reversed in so far as it awards attorneys' fees in the sum of $3,000.

## LEISHMAN v. GENERAL MOTORS CORP.

### No. 12485.

United States Court of Appeals
Ninth Circuit.

Aug. 13, 1951.

Leroy J. Leishman, in pro per. (John Flam, Los Angeles, Cal., of counsel), for appellant.

Leonard S. Lyon, Leonard S. Lyon, Jr., Los Angeles, Cal., for appellee.

Before BIGGS,* HEALY and POPE, Circuit Judges.

POPE, Circuit Judge.

This is an appeal from a judgment holding claims 7 to 11 inclusive of appellant's reissue patent No. 20,827, to be invalid.

The appellee General Motors Corporation, as plaintiff, filed its complaint against defendant, appellant Leishman, seeking a declaratory judgment that such claims of appellant's patent were invalid and not infringed by the automatic radio tuning devices manufactured by the appellee. The defendant put in issue the allegations of the complaint and by counterclaim asserted that said claims of such patent were valid and infringed by appellee's tuners. He asked for an accounting and an injunction.

The trial court found that the claims of appellant's patent were invalid because of anticipation and lack of invention, and a judgment to that effect was accordingly entered.

* Chief Judge, Third Circuit, sitting by special designation.