348 F.2d 244
 146 U.S.P.Q. 334
 Harry P. LOCKLIN and Elmer J. Brant, General partners doing
business under the firm name of Radiant Color
Company, Plaintiffs-Appellants,
v.
SWITZER BROTHERS, INC., a corporation, Defendant-Appellee.
 No. 19467.
 United States Court of Appeals Ninth Circuit.
 June 30, 1965.
 
 Carl Hoppe, Ernest M. Anderson, San Francisco, Cal., for appellants.
 Harold C. Hohbach, Flehr & Swain, San Francisco, Cal., Benjamin H. Sherman, Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., for appellee.
 Before BARNES, JERTBERG and MERRILL, Circuit Judges.
 MERRILL, Circuit Judge:
 
 
 1
 This appeal is taken from an order adjudging appellants guilty of civil contempt for violation of an injunction against infringement of appellee's patent. The injunction was issued pursuant to mandate of this court following our decision holding appellee's patent valid and infringed, Locklin v. Switzer Bros., Inc., 299 F.2d 160 (9 Cir. 1961), cert. denied, 369 U.S. 861, 82 S.Ct. 950, 8 L.Ed.2d 18 (1962).
 
 
 2
 The patent there in issue, the Kazenas patent,[1] was for a resin which was a co-condensation of a melamine, a sulfonamide and an aldehyde, and which possessed characteristics of substantial importance in the manufacture of pigments for use in fluorescent paint. Following our earlier decision and the injunction against infringement, appellants produced and utilized a resin designated as '4-C,' which utilized the three ingredients of the Kazinas formula with the addition of a relatively small amount of urea. Appellee then initiated these proceedings contending that production of the 4-C resin constituted a violation of the court's injunction. The District Court agreed.
 
 
 3
 Appellants make two contentions upon this appeal.
 
 
 4
 The first relates to the procedures followed by the District Court. The court treated the matter as one on motion under Rule 43(e) F.R.Civ.P. rather than as a trial for infringement under Rule 43(a). Accordingly proof was received in the form of affidavits. Appellants now assert that this was error, since factual determinations were required upon critical issues. We agree.[2] The error, however, would appear to have been invited if not waived.
 
 
 5
 At the outset of the proceedings appellants expressed the view that the matter could not adequately be tried on affidavits and that 'on a matter of such seriousness as this we should bring our witnesses before the court.' It was ultimately decided, however, without objection by appellants, that the matter should proceed initially by affidavit; that if an analysis of the affidavits disclosed genuine conflicts in contentions of fact or opinion the question of the calling of witnesses might then be renewed. The record does not disclose that appellants, at the time of hearing, renewed their contention that issues disclosed by the affidavits would justify the calling of witnesses. No offer of oral testimony was made.
 
 
 6
 Upon the merits of the dispute appellants contend that their accused formula 4-C does not fall within the narrow limits of the Kazenas patent as delineated in our earlier opinion. Notwithstanding the fact that the amount of urea used by them is relatively small, still, they assert, the urea is used in place of melamine, and reduces the amount of melamine which is utilized to a point where the melamine alone is not sufficient to render the product substantially insoluble in aromatic hydrocarbon solvents.
 
 
 7
 Appellee asserts that this is not the proper test and that the claims of the Kazenas patent should not be so limited. It points out that the amount of melamine utilized by appellants is well within the spread fixed by the minimum and maximum limits set forth in the Kazenas claims and within the area covered by the examples given. It contends, as was argued to the District Court, that the true issues are whether the 4-C resin is equivalent to the infringing resin to which the injunction was directed, and whether the urea was essential to produce the desired characteristics of 4-C.
 
 
 8
 We cannot agree. In our judgment if appellants' contentions are factually correct there would be no infringement. In our earlier opinion we ruled that the use of this functional language in specifying the amount of melamine required (an amount sufficient to render the condensation product substantially insoluble in aromatic hydrocarbon solvents, but insufficient to render it thermo-setting) did not invalidate the claims, but by the same token it served to fix precisely the limits of the claims.
 
 
 9
 Upon the specific issue here raised by appellants the District Court has made no findings. It does not appear, however, that this precise issue was clearly directed to the court's attention.
 
 
 10
 We are thus hard put to find reversible error upon the record as to either of appellants' contentions.
 
 
 11
 We do feel, however, that in all fairness appellants are entitled to trial upon this issue. While the District Court acted with commendable concern for the conservation of trial time, the result was to encourage counsel to submit to summary proceedings, which, as a matter of hindsight, would now appear to have been inappropriate. The summary character of the proceedings, in turn, may well have contributed to the result that issues not overly apparent in the absence of cross-examination were not thoroughly explored and presented at the time of argument.
 
 
 12
 The record does not, however, suggest that trial upon any other issue is similarly justified under the circumstances. In all other respects the order of the District Court is entitled to affirmance.
 
 
 13
 Accordingly the matter is remanded with instructions that the order of the District Court be set aside and that trial be had upon the sole question whether, in the 4-C resin, the amount of melamine utilized is such as to bring the resin within the limits of the claims of the Kazenas patent as those claims are delineated in our former opinion.
 
 
 
 [1]
 Letters patent No. 2,809,954, assigned to Switzer
 
 
 [2]
 That trial under Rule 43(a) is the appropriate method of resolving issues raised by opinion testimony in patent cases is suggested in Moore's Federal Practice, 43.03, where it is stated in comment upon this rule:
 'It follows, therefore, that the practice under Equity Rule 48, in patent and trade-mark actions, of setting forth in affidavits the testimony in chief of expert witnesses whose testimony is directed to matters of opinion, is no longer proper.'