James R. ALBURGER, Plaintiff-Appellant,

v.

MAGNAFLUX CORPORATION, Defendant-Appellee.

No. 24642.

United States Court of Appeals, Ninth Circuit.

June 23, 1971.

Warren Jessup (argued), of Jessup & Beecher, Sherman Oaks, Cal., for plaintiff-appellant.

Otto R. Krause (argued), of Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., Walton Eugene Tinsley, of Harris, Kiech, Russell & Kern, Los Angeles, Cal., for defendant-appellee.

Before MERRILL and ELY, Circuit Judges, and SOLOMON, District Judge.*

PER CURIAM:

1. The court adheres to its earlier order denying appellee's motion to dismiss the appeal.

2. The judgment of the District Court holding the patent in suit invalid (as based upon prior public knowledge and use and anticipation) and not infringed is affirmed. Judgment is supported by the findings of fact made by the District Court, which, in turn, are supported by the evidence and cannot be held clearly erroneous.

3. Judgment of the District Court awarding appellee attorney fees in the sum of $50,000 is reversed.

Attorney fees are awarded in patent infringement suits only in "exceptional cases," 35 U.S.C. § 285. Appellee seeks

* Honorable Gus J. Solomon, Chief United States District Judge for the District of Oregon, sitting by designation.

to justify the award in this case on the ground that appellant's infringement suit was brought in bad faith. We believe the record does not support this contention, and we cannot escape the conviction that appellant sincerely (albeit mistakenly and perhaps obstinately) believes in his invention and its entitlement to a patent.

The issue of fraud on the patent office was not tried and was raised only after trial on appellee's petition for attorney fees. In addition, it bears noting that the patent office did have the De-Forest Patent before it and was thus aware of the existence of non-aqueous wet developers in the prior art when it awarded the patent. Since the patent office did not find the DeForest Patent sufficiently important to preclude its issuing a patent, we do not think appellee has demonstrated bad faith in appellant's allegation that he failed to notify the patent office of the existence of non-aqueous wet developers because he thought them irrelevant to the validity of his patent claim.

Nor do we feel that it is sufficiently clear that suit against appellee was brought in bad faith and with knowledge that there was no infringement during the relevant period prior to suit. Appellant's failure to allege specific infringing acts apparently was not so clear as to warrant summary disposition.

Furthermore, the bulk of the effort expended by appellee in defense went to the issue of validity—the subject of appellee's counter-claim for declaratory judgment. It was here that the court found public service to have been performed. If appellee's efforts in this respect had not been expended in this suit, there can be little doubt (considering the adverse position occupied by these parties in the industry) that it would remain to be expended in some future litigation. Appellee has thus benefitted from this litigation.

We conclude, as in Park-In-Theatres, Inc. v. Perkins, 190 F.2d 137, 143 (9th Cir. 1951), that "the district court did not impose a sufficiently strict standard in finding cause adequate to justify an allowance of attorney's fees." On the facts of this case we regard Monolith Portland Midwest Company v. Kaiser Aluminum and Chemical Corporation, 407 F.2d 288 (9th Cir. 1969), as distinguishable. Florida Brace Corp. v. Bartels, 332 F.2d 337 (9th Cir. 1964), appears to us more closely in point.

Remanded with instructions that the award of attorney fees be set aside.

Since it has prevailed upon the real substance of the appeal, appellee is awarded costs on appeal.