468 F.2d 1359
 175 U.S.P.Q. 453
 Harry P. LOCKLIN and Elmer J. Brant, General Partners, dba
Radiant Color Company, Plaintiffs-Appellants,
v.
DAY-GLO COLOR CORP., Defendant-Appellee.
Harry P. LOCKLIN and Elmer J. Brant, General Partners, dba
Radiant Color Company, Plaintiffs-Appellees,
v.
DAY-GLO COLOR CORP., Defendant-Appellant.
 Nos. 26239 and 26266.
 United States Court of Appeals,
Ninth Circuit.
 Oct. 6, 1972.
Rehearing Denied Dec. 1, 1972.
 
 John R. Murtha (argued), San Francisco, Cal., for plaintiffs-appellants.
 Thomas V. Koykka (argued), Cleveland, Ohio, for defendant-appellee.
 Before LUMBARD,* MERRILL and KILKENNY, Circuit Judges.
 MERRILL, Circuit Judge:
 
 
 1
 This case has already been before the court three times. On the first occasion we upheld the validity of the Kazenas patent and found two resins manufactured and marketed by Locklin to be infringing. Locklin v. Switzer Bros., 299 F.2d 160 (9th Cir. 1961), cert. denied 369 U.S. 861, 82 S.Ct. 950, 8 L.Ed. 2d 18 (1962). On the second and third occasions we considered whether a resin known as "4-C" was also infringing. We held that it was. Locklin v. Switzer Bros., 348 F.2d 244 (9th Cir. 1965); Locklin v. Switzer Bros., 368 F.2d 553 (9th Cir. 1966) (per curiam), cert. denied, 386 U.S. 963, 87 S.Ct. 1029, 18 L. Ed.2d 112 (1967).
 
 
 2
 Following our decisions in these cases the matter was referred by the District Court to a master for an accounting to determine damages. The master heard evidence respecting damages suffered from the marketing of the three resins adjudicated to be infringing. Day-Glo (successor to Switzer Bros. by change of name) also sought damages suffered by Locklin's manufacture and marketing of other resin formulations asserted to be the equivalents of the adjudicated resins. The master found that these unadjudicated resins were thermosetting rather than thermoplastic, which would indicate that they were not infringing. He also found, however, that in this respect they were no different from the adjudicated resins-i. e., that the adjudicated resins themselves were thermosetting. He concluded, however, that since the adjudicated resins had been held to infringe, and since the unadjudicated resins were their equivalents, the unadjudicated resins must also be held to infringe.
 
 
 3
 The District Court rejected this conclusion. It held that damages should be calculated with respect to only the three adjudicated resins and awarded the sum of $238,000.
 
 
 4
 Both parties appeal from this judgment. We affirm.
 
 
 5
 Locklin contends that since the master determined that the adjudicated resins in truth are thermosetting rather than thermoplastic, we now, belatedly, in our search for the truth, know that they do not infringe the Kazenas patent and that we should accordingly correct the record on the basis of this new knowledge and reject an award of damages in connection with these resins.
 
 
 6
 We decline to re-examine our earlier adjudications. Res judicata applies and the right to damages follows as matter of law. See Carson Inv. Co. v. Anaconda Copper Mining Co., 26 F.2d 651 (9th Cir.) cert. denied 278 U.S. 635, 49 S.Ct. 32, 73 L.Ed. 551 (1928).
 
 
 7
 Day-Glo contends, in support of the master's ruling, that since res judicata precludes review of infringement as to the three adjudicated resins, and since the unadjudicated resins are every bit as "thermoplastic" as the adjudicated resins, we must hold the latter to be infringing also.
 
 
 8
 We disagree. The new resins may indeed be the equivalent of the infringing resins, but they have hardly been shown to be the equivalent of the patented resin. Res judicata may preclude us from taking a second look at the three adjudicated resins, but it does not require us to close our eyes to the new resins' lack of thermoplasticity and consequent lack of infringement.
 
 
 9
 Day-Glo asserts that res judicata should apply to the definitions of "thermosetting" and "thermoplastic" as used by us in our first decision and that Locklin is now advancing a new definition. We disagree. Our definition of a thermosetting resin, 299 F.2d at page 162, "an infusable 'thermoset' resin that no longer can be softened or fused by heating" applies to render the new resins noninfringing. It is new knowledge respecting the character of the resins and not a new definition that has created the present problem.
 
 
 10
 Both parties assert abuse of discretion in respect to their respective claims for exemplary damages and attorney fees in connection with the accounting proceedings. We find no abuse of discretion in denial of these claims. From the District Court findings, bad faith does not appear on either side nor does the record dictate such findings.
 
 
 11
 In one respect only do we disagree with the District Court. Attorney fees were awarded to Day-Glo in connection with the proceedings resulting in Locklin's being held in contempt for the marketing of its "4-C" resin. Such an award is proper only in exceptional cases, Pickering v. Holman, 459 F.2d 403 (9th Cir. 1972), and must be based on a finding of bad faith by the losing party or some similar consideration. Florida Brace Corp. v. Bartels, 332 F.2d 337 (9th Cir. 1964); Park-In-Theaters v. Perkins, 190 F.2d 137 (9th Cir. 1951). The District Court does not appear to have made such a finding, nor does the record seem to provide support for such a determination. Indeed, the ultimate result seems to speak to the contrary.
 
 
 12
 The District Court is reversed upon its award of attorney fees to Day-Glo in connection with the earlier contempt proceedings.
 
 
 13
 In all other respects judgment is affirmed.
 
 
 14
 No costs are awarded.
 
 
 
 *
 Honorable J. Edward Lumbard, Senior United States Circuit Judge, Second Circuit, sitting by designation