The DOW CHEMICAL COMPANY, Appellant,

v.

DART INDUSTRIES, INC., Appellee.

BRAND PLASTICS COMPANY et al., Appellees,

v.

The DOW CHEMICAL COMPANY, Appellant.

Nos. 71–1371, 71–1372.

United States Court of Appeals, Ninth Circuit.

Feb. 20, 1973.

Rehearing Denied April 5, 1973.

Neal A. Waldrop (argued), of Harness, Dickey & Pierce, Detroit, Mich., William Howard Nicholas, of Nicholas, Kolliner, Myers, D'Angelo & Givens, Los Angeles, Cal., William M. Yates, Sidney J. Walker, Midland, Mich., Naylor & Neal, San Francisco, Cal., for appellant.

Carl Hoppe (argued), James F. Mitchell, San Francisco, Cal., David S. Rom-

ney, Richard E. Lyon (argued), Roland N. Smoot, of Lyon & Lyon, Los Angeles, Cal., Grant A. Brown, Arthur G. Gilkes, Ralph C. Medhurst, Chicago, Ill., for appellees.

Before ELY, TRASK, and WALLACE, Circuit Judges.

PER CURIAM:

■ The patent involved in this suit is Number 2,694,692. The District Court held that the patent was invalid, anticipated by certain prior arts and embracing a procedure that would have been obvious to one skilled in the prior art. The appellant vigorously challenges this conclusion, but we are not persuaded that we should disturb it. The trial was extensive, consuming some twenty days, with highly expert, opposing opinions expressed by different witnesses presented by the competing parties. This being true, we cannot hold that the District Court's finding of fact in this respect was clearly erroneous.

■ We take a different view on another argument advanced by the appellee, an argument aimed at the District Court's finding that this was an "exceptional" case under 35 U.S.C. § 285 and leading to the District Court's conclusion that approximately one million dollars should be awarded as attorneys fees to the appellees and paid by the appellant. To substantiate such fees, there must be precise findings that clearly show the necessary prerequisites. *See* Florida Brace Corporation v. Bartels, 332 F.2d 337 (9th Cir. 1964). Here, there were no findings of the requisite precision, and we are persuaded that even had such findings been made, they would have lacked sufficient evidentiary foundation.

■ We have carefully examined the record, particularly that concerned with the appellant's negotiations with the patent office and its procurement of the patent in suit. We are left with the definite conviction that there was no palpable fraud committed by the appellant in respect to these negotiations and that, on the whole, the conduct of it and its attorneys was essentially fair. Nothing of significance was concealed from the patent office. This is not that type of an exceptional case in which one procuring and seeking to protect its patent should be compelled to absorb the expense of attorneys' fees incurred by its adversaries, and the District Court's conclusion to the contrary is reversed. *Cf.* Locklin v. Day-Glo Color Corp., 468 F.2d 1359 (9th Cir. 1972). Upon remand, the judgment of the District Court will be modified accordingly.

Affirmed in part; reversed in part, with directions.

WALLACE, Circuit Judge (concurring:)

I concur in the opinion except I am not persuaded that given findings which meet the test of *Florida Brace Corporation,* the evidence would not be sufficient to sustain the award of attorneys' fees under Shingle Product Patents v. Gleason, 211 F.2d 437, 441 (9th Cir. 1954).