[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10100
_____

D.C. Docket No. 1:07-cv-03116-JOF


EVANGELINA FORSBERG,

Plaintiff-Appellee,

versus

JAMES PEFANIS,

Defendant-Appellant.

_____

No. 14-15036
_____

D.C. Docket No. 1:07-cv-03116-CC


EVANGELINA FORSBERG,

Plaintiff-Appellee,

versus

JAMES PEFANIS,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(December 11, 2015)

Before WILSON and WILLIAM PRYOR, Circuit Judges, and BUCKLEW[*],
District Judge.

WILLIAM PRYOR, Circuit Judge:

After Evangelina Forsberg sued James Pefanis, her boss, for inappropriately touching her and making lewd comments in front of a coworker, Pefanis filed in his defense a false statement purportedly from that coworker. Pefanis later pleaded guilty to conspiracy to obstruct justice for this misconduct. In these appeals, we must decide whether the district court abused its discretion by considering the witness's later declaration when it granted Forsberg's motion for sanctions, whether it abused its discretion by striking Pefanis's answer as a sanction, whether section 1985, 42 U.S.C. § 1985, permits punitive damages when the jury did not award compensatory damages, and whether the district court abused its discretion by denying Pefanis's motion for relief from the judgment. We consolidate the appeals and affirm.

---

[*] The Honorable Susan C. Bucklew, United States District Judge for the Middle District of Florida, sitting by designation.

## I.  BACKGROUND

The district court struck Pefanis's answer after finding that he submitted a false statement purportedly from a witness who denied seeing the inappropriate conduct. In making its determination, the district court considered two declarations from the witness, David Popke, denying that he made the statement and declaring that, contrary to the false statement, he saw Pefanis grope Forsberg. In 2009, the district court tried the case to a jury on the well-pleaded allegations of Forsberg's complaint, and the jury returned a verdict against Pefanis. As part of that verdict, the jury awarded punitive damages, but not compensatory damages, for violating section 1985. Pefanis appeals this judgment, as amended in other respects, in no. 10-10100. We have already dismissed the appeals of the other appellants.

In 2010, a grand jury indicted Pefanis based on the false statement. In 2011, he pleaded guilty to conspiracy to obstruct justice. In the plea agreement, Pefanis admitted that he knew the statement was false and had been submitted to the district court and that he testified falsely that Popke "provided [Pefanis] with the information that was put into" the statement.

In 2014, Pefanis filed a motion for relief from the judgment on the ground that Forsberg and her attorneys committed fraud on the court. The district court denied his motion, and he appeals that denial in no. 14-15036.

3

## II.  DISCUSSION

We divide our discussion into four parts. We first discuss the consideration of Popke's declarations by the district court; second, the decision to strike Pefanis's answer; third, the award of punitive damages; and fourth, the denial of Pefanis's motion for relief from the judgment.

### A.  *The District Court Did Not Abuse Its Discretion by Considering Popke's Declarations.*

Pefanis contends that the district court abused its discretion by proceeding without live testimony from Popke on an "outcome-determinative issue that was contested and completely fact-based," but Pefanis identifies no legal rule that the district court misapplied. "When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions." Fed. R. Civ. P. 43(c).

Pefanis cites several cases about the Due Process and Confrontation Clauses, but he does not explain how he was deprived of any rights under either, so we consider his arguments forfeited. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012). He also cites a decision about the right to an evidentiary hearing, but he received one in this case.

The closest Pefanis comes to citing an applicable rule is *Locklin v. Switzer Bros.*, 348 F.2d 244 (9th Cir. 1965), but that decision is easily distinguished. In *Locklin*, the district court granted a motion for "civil contempt for violation of an

injunction against infringement of [a] patent" based on affidavits, instead of holding a trial. *Id.* at 245. The Ninth Circuit reversed based on factors unique to the context of patents, *id.* at 245 & n.2, and because "issues not overly apparent in the absence of cross-examination were not thoroughly explored and presented," *id.* at 246. Neither reason applies here.

Pefanis next argues that the district court unreasonably applied Rule 43(c) because live testimony is necessary for an issue that is outcome determinative, contested, and factual, but he declined several opportunities to depose Popke, both before and after the evidentiary hearing. Pefanis cannot now complain that the district court abused its discretion for proceeding, as Pefanis did, with only declarations from Popke. Nor are we even convinced that this was an outcome-dispositive issue; Forsberg still had to try her claims to a jury on the complaint, and the jury in fact awarded no damages for several of the claims.

Pefanis makes two other arguments in passing, neither of which is meritorious. First, he asserts that Forsberg failed to justify Popke's absence from the courtroom, but the district court noted that Popke was in Texas. Second, Pefanis argues that the trial court "essentially decided that the affidavit was truthful, despite contrary live evidence offered by the non-moving party." But this argument does not prove that the district court erred by *considering* the statement. To the extent that Pefanis wishes to challenge this factual finding, he has forfeited

5

the argument by failing to develop it or cite any authority. *Hamilton*, 680 F.3d at 1319.

### B. The District Court Did Not Abuse Its Discretion by Striking Pefanis's Answer.

"A court may impose sanctions for litigation misconduct under its inherent power." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009). We review for abuse of discretion the decision of a district court to impose sanctions under its inherent power. *Id.* at 1303.

Pefanis challenges the decision to strike his answer on four grounds, but we cannot say that the district court abused its discretion. First, Pefanis argues that the sanction was inappropriate because "the Defendants achieved nothing by creating a false, unsworn statement that was never used to gain any advantage in court" and the statement was inadmissible, but Pefanis admitted in his plea agreement, which is part of the record on appeal, that the statement was submitted in connection with a motion for sanctions and listed as a pretrial exhibit. Second, Pefanis asserts that any false document must be introduced into evidence before sanctions may be imposed, but he cites no authority stating such a rule. It would be strange to require a district court to wait until false evidence is introduced at trial before sanctions are appropriate, all the while wasting the time and resources of the court and the opposing party. Third, Pefanis argues that forged evidence alone is insufficient to strike an answer unless the party is left with "no case." But false evidence is

6

sufficient cause for sanctions, *see e.g.*, *Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488 (9th Cir. 1991) (dismissing a case as a sanction for an altered deposition transcript), and the Popke statement was important to Pefanis's case because it discredited Forsberg's accusations. Fourth, Pefanis argues that Forsberg was not harmed by the statement, but those "who lie, evade and fail to tell the *whole* truth obviously enjoy an advantage over honest litigants. The victimized opponent winds up . . . consuming substantial resources to respond to and 'undo' the victimizer's lies and distortions." *Chemtall, Inc. v. Citi-Chem, Inc.*, 992 F. Supp. 1390, 1409 (S.D. Ga. 1998). Prejudice can consist of having to "vigorously attempt[] to pry . . . information" from the deceitful party, *Jaffe v. Grant*, 793 F.2d 1182, 1190 (11th Cir. 1986), and Forsberg had to pay a private investigator to find Popke in Texas and procure the declarations.

Pefanis makes two other arguments, both of which he has forfeited by failing to develop them. Pefanis argues that monetary sanctions would have been appropriate as a lesser alternative and the court failed to make findings "about *who* allegedly forged the Popke statement," but he makes only a "passing reference" to these points in his brief and fails "to make arguments and cite authorities in support," *Hamilton*, 680 F.3d at 1319. Moreover, the district court reviewed several authorities and found that "there [was] no sanction short of striking of the answer to adequately address the issue of fabricated evidence."

*C.  Section 1985 Permits Punitive Damages in the Absence of Compensatory Damages.*

Pefanis next argues that the jury could not award punitive damages for a violation of section 1985 without also awarding compensatory damages. Whether section 1985 permits punitive damages when the jury does not award compensatory damages is a question of law that we review *de novo*. *See Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1298 n.9 (11th Cir. 1999). The district court committed no error.

Section 1985 permits a "party so injured or deprived [under the statute to] have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985. As the Seventh Circuit wrote about section 1981a, "Nothing in the plain language [of the statute] conditions an award of punitive damages on an underlying award of compensatory damages." *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1352 (7th Cir. 1995); *see also Timm v. Progressive Steel Treating, Inc.*, 137 F.3d 1008, 1010 (7th Cir. 1998) ("Extra-statutory requirements for recovery should not be invented."). We have explained that "[a]n award of punitive damages is authorized in a civil rights case if 'the defendant was motivated by an evil motive or intent, or there [was] reckless or callous indifference to federally protected rights,'" *Davis v. Locke*, 936 F.2d 1208, 1214 (11th Cir. 1991) (quoting *Anderson v. City of Atlanta*, 778 F.2d 678, 688 (11th Cir. 1985)), and we upheld an award of

8

punitive damages under section 1983 in that case even though "no award for compensatory damages was made," *id.*

### D. The District Court Did Not Abuse Its Discretion by Denying the Motion for Relief from the Judgment.

We are unpersuaded by Pefanis's arguments that the district court abused its discretion by denying his motion for relief from the judgment because of fraud on the district court by Forsberg and her lawyers. "Where relief from a judgment is sought for fraud on the court, the fraud must be established by clear and convincing evidence." *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987). Pefanis fails to quote, cite, or even describe evidence of fraud on the district court. It is logically untenable that moving—successfully—for sanctions and contempt can by itself constitute fraud on the court, and he does not allege any fraud in Forsberg's motions. Pefanis argues that Forsberg and Popke committed perjury, but perjury is not fraud on the court. *See Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1552 (11th Cir. 1985). Failure to disclose material facts also is not fraud on the court. *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). Pefanis argues that Forsberg and her counsel committed fraud on the district court because Pefanis never admitted to sexually assaulting Forsberg or forging the document, but he cites no evidence that they told the court otherwise. And the remainder of Pefanis's unsubstantiated allegations about false statements, harassment, tampering, and false affidavits are "[c]onclusory averments of the

9

existence of fraud" that do not suffice to prove that the district court abused its

discretion. *Booker*, 825 F.2d 281, 283–84 (quoting *DiVito v. Fid. & Deposit Co. of

Md.*, 361 F.2d 936, 939 (7th Cir. 1996)).

## III.  CONCLUSION

We **AFFIRM** the sanction, the award of punitive damages, and the denial of

relief from the judgment.