CHRIS–CRAFT INDUSTRIES, INC.,
Plaintiff,

v.

MONSANTO CO., Defendant.
Civ. No. 68–815–WPG.

United States District Court,
C. D. California.
April 23, 1973.

Lawler, Felix & Hall, by R. F. Outcault, Jr., Los Angeles, Cal., for plaintiff.

Adams, Duque & Hazeltine, by John Brinsley, Los Angeles, Cal., for defendant.

## MEMORANDUM OF DECISION AND ORDER

WILLIAM P. GRAY, District Judge.

The plaintiff in this patent case seeks an award of attorneys' fees under 35 U.S.C. § 285, which provides that "[t]he court in exceptional cases may award attorney fees to the prevailing party." This court is unable to agree that, on the present record, attorneys' fees should be recovered in this case.

On May 7, 1968, the defendant was issued a patent on a certain chemical compound, and it thereupon publicly charged the plaintiff with infringement. At about the same time the defendant brought a number of infringement actions against different companies in other parts of the United States. On May

14, 1968, the plaintiff filed this action seeking a declaration of noninfringement and invalidity of the defendant's patent. This action has been stayed by stipulation pending resolution of the other (and more advanced) cases. In one of them, Monsanto Co. v. Rohm & Haas Co., 312 F.Supp. 778 (E.D.Pa. 1970), the defendant's patent has been held invalid and unenforceable because of obviousness, anticipation by prior art, and intentional nondisclosure of material facts in the application. The decision was affirmed on appeal, solely on the ground that the patent was procured by means of misrepresentations to the Patent Office. 456 F.2d 592 (3d Cir. 1972).

In Blonder-Tongue Labs, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), the Supreme Court held that a determination of patent invalidity in one suit may, under the doctrine of collateral estoppel, be pleaded as an affirmative defense in subsequent or pending infringement actions. As a part of its settlement program in light of *Rohn & Haas* and *Blonder-Tongue*, the defendant sought to dispose of all of the other outstanding suits by formally dedicating its patent to the public for the entirety of its term, as permitted by 35 U.S.C. § 253.

▇ Inasmuch as the dedication of the patent moots any dispute concerning its validity or infringement, it would seem appropriate for this court to dismiss the present case for want of a justiciable controversy. Such a dismissal does not deprive the court of jurisdiction to award attorneys' fees under § 285. *See* Darlington v. Studebaker-Packard Corp., 191 F.Supp. 438 (N.D. Ind.1961). While this court does not desire to discourage voluntary dismissals by imposing attorneys' fees, *cf.* Larchmont Engineering, Inc. v. Toggenburg Ski Center, Inc., 444 F.2d 490 (2d Cir. 1971), it is equally unwilling to permit a party that deserves to bear the burden of attorneys' fees incurred by his adversary to escape that consequence by the simple device of unilaterally mooting the controversy.

However, rather than have the case dismissed and the appropriateness of an award of attorneys' fees considered at this point, the plaintiff would have this court engage in several legal maneuvers which it feels would immeasurably strengthen its demand for such fees. The plaintiff contends that it should be permitted, in light of *Blonder-Tongue*, to amend its complaint to assert the prior determination of patent invalidity found by the *Rohm & Haas* court. The plaintiff maintains that the finding in the latter case, that the defendant obtained its patent by misleading the Patent Office, provides a persuasive basis for concluding that this case is "exceptional" within the meaning of § 285.

▇ It is well established that a patentee's fraudulent or reckless misrepresentations in his patent application often justify an award of attorneys' fees against him in subsequent litigation. See Purer & Co. v. Addo, 410 F.2d 871 (9th Cir. 1969); Monolith Portland Midwest Co. v. Kaiser Aluminum & Chemical Corp., 407 F.2d 288 (9th Cir. 1969). However, the findings of *Rohm & Haas* may not be so facilely transposed to this case for purposes of awarding attorneys' fees. An award under § 285 rests within the discretion of the trial judge, *see, e. g.,* Monolith Portland Midwest Co. v. Kaiser Aluminum & Chemical Corp., *supra*; Park-In-Theatres, Inc. v. Perkins, 190 F.2d 137 (9th Cir. 1951); and any such award must be substantiated by "precise findings which clearly show the necessary prerequisites." Dow Chemical Co. v. Dart Industries, Inc., 475 F.2d 124 (9th Cir. 1973); Florida Brace Corp. v. Bartels, 332 F.2d 337 (9th Cir. 1964). Section 285 contemplates that a judge will consider whether the facts of the case *before him* merit an award of attorneys' fees. This court does not feel that it

may properly exercise its discretion under § 285 by appropriating findings from another case in wholesale fashion as an evidentiary foundation for an award.

Even if *Rohm & Haas* were to be considered as relevant and credible evidence of the defendant's conduct with respect to its invalid patent, its bearing on this court's ruling under § 285 is problematic. While the trial court in *Rohm & Haas* did characterize the defendant's patent application as fraudulent, it is noteworthy that no award of attorneys' fees was made, and the opinion on appeal only determined that the defendant's "failure to disclose amounted to misrepresentation transgressing equitable standards." 456 F.2d at 600.

Putting aside the matter of which findings in the *Rohm & Haas* decisions, in addition to that of patent invalidity, are subject to collateral estoppel, this court would not feel impelled to make an award of attorneys' fees here even had such an award been granted in *Rohm & Haas*. The defendant has not conducted *this* litigation with the aggravated unfairness or bad faith that typically justifies an award of counsel fees. Although the plaintiff, aided by the conclusion that the patent was improperly procured, may plausibly argue that it was forced to bring this declaratory relief action so that it might confront the defendant's public accusation of infringement, the fact remains that the defendant did not institute this suit. Even the charge of infringement, which prompted the filing of this suit, was not necessarily made in bad faith, as is evidenced by the lack of judicial unanimity in holding the patent invalid.[1] The defendant did not conduct itself improperly in this case,

nor did it put the plaintiff to any undue expense; indeed, this case has remained relatively inert since its inception. The plaintiff has effectively obtained the result that it sought without the necessity of a trial.

The Supreme Court in *Blonder-Tongue* was concerned with the adverse economic consequences that result when a holder of an invalid patent exacts tribute in the form of forced licensing agreements from alleged infringers who cannot afford to challenge the patent in court. *Blonder-Tongue* rejected an argument that § 285 adequately inhibited a multiplicity of suits on invalid patents, and found that the doctrine of collateral estoppel, with its promise of a swift and uniform conclusion to such litigation, far better combatted the evils observed by the Court. While *Blonder-Tongue* does not foreclose the recovery of attorneys' fees, it does suggest that the conclusion of litigation involving invalid patents is a more compelling policy than further penalizing holders of those patents.

In light of the foregoing, this court does not conclude that *Blonder-Tongue* and *Rohm & Haas* make this case exceptional, within the meaning of 35 U.S.C. § 285, as a matter of law. Thus, it would be of no help to the plaintiff to amend its complaint in order to refer to those decisions, and the motion to amend is therefore denied.

The plaintiff is entitled to pursue its request for attorneys' fees by submitting proof to support its contention that, in fact, this is an exceptional case. However, at the hearing on the plaintiff's motion to amend the complaint, the court understood the plaintiff's counsel to take the position that he did

---

1. The affirmance of *Rohm & Haas* on appeal was a split decision. 456 F.2d 592 (3d Cir. 1972). In addition, after *Rohm & Haas* but before *Blonder-Tongue*, another district court found the defendant's patent valid and infringed. Monsanto Co. v. Dawson Chemical Co., 312 F. Supp. 452 (S.D.Tex.1970). That decision was reversed so that the alleged infringer might plead the collateral estoppel effect of the prior *Rohm & Haas* judgment under *Blonder-Tongue*. 443 F.2d 1035 (5th Cir. 1971).

not propose to undertake such a showing and that he would rest upon his reliance upon *Blonder-Tongue* and *Rohm & Haas*.

Accordingly, it appears to the court that there is nothing further to litigate in this matter, and the defendant's motion to dismiss the action is therefore granted. If, contrary to the understanding of the court, the plaintiff does desire an opportunity to present evidentiary proof that this is an "exceptional" case that would justify an award of attorneys' fees, a motion to reopen for that purpose would be granted.