724 F.Supp. 690 (1989)
SCRIPPS CLINIC AND RESEARCH FOUNDATION and Revlon, Inc., and Rorer Group, Inc., Plaintiffs,
v.
GENENTECH, INC. and Miles Laboratories, Inc., Defendants.
SCRIPPS CLINIC AND RESEARCH FOUNDATION and Revlon, Inc., Plaintiffs,
v.
CHIRON CORPORATION, Defendant.
Nos. C-83-5423-WWS, C-83-5424-WWS.
United States District Court, N.D. California.
July 18, 1989.
Stephen V. Bomse, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., and Eugene Moroz and William S. Feiler, Morgan, Finnegan, Pine, Foley & Lee, New York City, for plaintiffs.
*691 Bradford J. Duft, James W. Geriak and Douglas E. Olson, Lyon & Lyon, Los Angeles, Cal., Richard Haas and Janet Morgan, Lasky, Haas, Cohler & Munter, San Francisco, Cal., Bertram Bradley and James A. Giblin, Berkeley, Cal., and Arnold Sprung and Nathaniel D. Kramer, Sprung, Horn, Kramer & Woods, New York City, for defendants.

ORDER RE ATTORNEYS' FEES
SCHWARZER, District Judge.
Defendants have moved for an order declaring these actions "exceptional" under 35 U.S.C. § 285 and awarding them attorneys' fees. The motions rest largely on the Court's prior findings and conclusions. They involve no disputed evidentiary matters and may therefore be disposed of on the papers filed by the parties without further hearing.
To declare a patent case exceptional within the meaning of section 285, the Court must make a specific finding of "unfairness, bad faith or inequitable conduct on the part of the unsuccessful patentee" during prosecution of the patent or of misconduct in the litigation. Stevenson v. Sears, Roebuck & Co., 713 F.2d 705, 712-13 (Fed.Cir.1983); Reactive Metals & Alloys Corp. v. ESM, Inc., 769 F.2d 1578, 1582 (Fed.Cir.1985).
In its ruling granting defendants' motions for summary judgment, the Court made detailed and extensive findings concerning the conduct of plaintiffs that bears on this motion. See Scripps Clinic & Research Foundation, et al. v. Genentech, Inc., et al., 707 F.Supp. 1547 (N.D.Cal. 1989). It is sufficient to refer to those findings and by this reference to incorporate them into this order.

A. Inequitable Conduct
The Court found on the basis of clear and convincing evidence that the applicants for the patent made crucial factual assertions concerning the degree of purity obtained in laboratory tests for which they had no factual basis to induce the Examiner to reverse his initial rejection of the open-ended purity claims, thereby engaging in inequitable conduct. 707 F.Supp. at 1557. Inequitable conduct during prosecution of an application may be the basis for an award of attorneys' fees. See Korody-Colyer Corp. v. General Motors Corp., 760 F.2d 1293, 1294-95 (Fed.Cir.1985); J.P. Stevens Co. v. Lex Tex, Ltd., 822 F.2d 1047, 1050 (Fed.Cir.1987).

B. Reissue Application
The findings of the Court with respect to the reissue application compel the conclusion that the applicants were guilty of serious misconduct. The facts found establish that (1) the specifications of the original patent clearly did not support the broadened claims, 707 F.Supp. at 1559-60 and (2) the supporting declarations wholly failed to show any inadvertence, accident or mistake warranting remedial action, 707 F.Supp. at 1560-61. Viewed in the light of the facts disclosed in discovery, the applicants' conduct reflects, not a legitimate effort to secure a fair reward for their disclosure, but rather a course of strategic maneuvers to aggrandize control over a product of great importance to the health care industry. Cf. Kearney & Trecker Corp. v. Giddings & Lewis, Inc., 452 F.2d 579, 597 (7th Cir.1971), cert. denied, 405 U.S. 1066, 92 S.Ct. 1500, 31 L.Ed.2d 796 (1972) (fees awarded where conflict of interest in reissue of plaintiff's patent).

C. Best Mode
The findings of the Court with respect to applicants' failure to comply with the best mode requirement lead to the conclusion that they acted in bad faith in failing to disclose the identity of the antibody that would work in the patented process, knowing from their tests that only that one worked well and that most would not work at all. 707 F.Supp. at 1553-54.

D. Conclusion
Considering the conduct of applicants (and plaintiffs who are bound by it) as a whole, and on the basis of the specific findings in the Court's prior ruling and in this order, the Court finds and concludes *692 that plaintiffs were guilty of misconduct, bad faith, and inequitable conduct in the prosecution of the original and reissue patent and that this therefore is an exceptional case. Defendants are entitled to recover reasonable attorneys' fees, and are directed to file their applications at the appropriate time.
IT IS SO ORDERED.