**TECHIMARK, INC., Plaintiff,**

v.

**CRELLIN, INC. and Sonoco Products Company, Inc., Defendants.**

No. 2:96CV00986.

United States District Court,
M.D. North Carolina,
Greensboro Division.

July 29, 1998.

*MEMORANDUM OPINION*

OSTEEN, District Judge.

Plaintiff Technimark, Inc. sued Defendants Crellin, Inc. and Sonoco Products Company, Inc. for patent infringement. Defendants counterclaimed for a declaratory judgment of noninfringement and invalidity of patent, then moved for summary judgment. Plaintiff subsequently dedicated its patent to the public and now moves to dismiss this action as moot. Defendants oppose dismissal of their counterclaim and seek a ruling on their Motion for Summary Judgment. For the following reasons, the court will grant Plaintiff's Motion to Dismiss on Grounds of Mootness.[1]

FACTS AND PROCEDURE

In November 1996, United States Patent No. 5,577,677 ('677 patent) issued to Plaintiff. The '677 patent, entitled "Axially–Compressible Coil Carrier," was directed to a dye tube. The dye tube was dimensioned to resist elongation when wound with yarn during processing.

---

1. The court will dismiss with prejudice Plaintiff's claim and without prejudice Defendants' counterclaim. Defendants' Motion for Summary Judgment and Motion to Compel, Plaintiff's Motion to Temporarily Stay or Dismiss, and Motion for Leave to Supplement are moot.

On the date the patent issued, Plaintiff filed a complaint under 35 U.S.C. §§ 271 and 281 alleging Defendants, without authority, manufactured and offered for sale a coil carrier that infringed the '677 patent. In January 1997, Defendants counterclaimed under 28 U.S.C. §§ 2201–2202 for a declaratory judgment of noninfringement and invalidity of the '677 patent.

At some point, Plaintiff determined that certain claims of the '677 patent might be invalid because the inventors sought overly-broad protection for those claims. (Pl.'s Br. Supp.Mot.Temp.Stay Dismiss at 3.) In a letter to Defendants, dated January 9, 1998, Plaintiff asked Defendants to join Plaintiff in filing a motion to dismiss this action without prejudice. *Id.* Ex. I. Defendants did not respond. (Pl.'s Br.Supp.Mot.Dismiss at 3.) On February 17, 1998, Plaintiff applied to the U.S. Patent and Trademark Office (PTO) for a reissue of the '677 patent.[2] *Id.* The reissue application sought to narrow the claims of the '677 patent because some of Plaintiff's own products apparently fell within certain claims of the original patent. *Id.* On February 25, 1998, Plaintiff moved without Defendants to temporarily stay or dismiss this action without prejudice pending the PTO's reissue determination. *Id.*

In March 1998, Defendants moved for summary judgment on their counterclaim for a judgment of invalidity, then opposed Plaintiff's Motion to Temporarily Stay or Dismiss.

█ In April 1998, Plaintiff dedicated to the public the entire term of the '677 patent, pursuant to 35 U.S.C. § 253.[3] Plaintiff's Motion to Dismiss on Grounds of Mootness followed.

## PLAINTIFF'S MOTION TO DISMISS

Plaintiff argues that public dedication renders the '677 patent legally void from its inception. (Pl.'s Reply Br.Supp.Mot.Dismiss at 1.) Plaintiff further argues that because the '677 patent is considered void from its inception, Plaintiff's claim of patent infringement and Defendants' counterclaim for judgment of noninfringement and invalidity are moot. *Id.* at 2. Defendants counter that they are entitled to a judicial ruling on the validity of the '677 patent, despite public dedication, because such a ruling would be legally significant. (Defs.' Resp.Pl.'s Mot.Dismiss at 4.) Defendants further counter that Rule 41(a)(2) of the Federal Rules of Civil Procedure prohibits dismissal of their counterclaim. *Id.* at 10.

Plaintiff asserts that "[c]ourts uniformly hold that a patentee's dedication of its patent to the public in situations analogous to the present case renders moot any issue of patent validity or infringement." (Pl.'s Br.Supp.Mot.Dismiss at 5.) Plaintiff relies primarily on *Laitram Corp. v. Deepsouth Packing Co.*, 279 F.Supp. 883 (E.D.La.1968). (Pl.'s Br.Supp.Mot.Dismiss at 5.) In *Laitram*, the plaintiff claimed that the defendant's products infringed two of the plaintiff's patents. *See Laitram*, 279 F.Supp. at 885. The defendant answered that the two patents were invalid and further counterclaimed that a third patent owned by the plaintiff was invalid as well. *Id.* The plaintiff later dedicated the third patent to the public, then moved to dismiss as moot the defendant's counterclaim. *Id.* The district court dismissed the counterclaim, holding:

> Laitram's dedication to the public of the patent ... terminates all of its rights in that patent, just as if it had expired. It would therefore serve no purpose for this Court to pass upon the validity or invalidity of that patent. [Footnote omitted.] Whether the patent was valid or invalid, Deepsouth has been unable to show any

---

2. "The reissue process under 35 U.S.C. § 251 allows a patentee whose original claims were either overly broad or overly narrow to correct the errors or deficiencies in the original patent." *Site Microsurgical Sys., Inc. v. Surgin Surgical Instrumentation, Inc.*, 855 F.Supp. 1450, 1459 (E.D.Pa.1994).

3. Public dedication terminates all of the patentee's rights to the patent, just as if the patent had expired. *Laitram Corp. v. Deepsouth Packing Co.*, 279 F.Supp. 883, 891 (E.D.La.1968).

reason why the court's determination of the asserted invalidity of the patent before its dedication would be of any legal significance. Discussion of the patent therefore would not only be academic but it also would be beyond the jurisdiction of this Court, which may consider only cases and controversies. [Footnote omitted.]

*Id.* at 891. Plaintiff contends that a judicial ruling on the validity of the now publicly dedicated '677 patent would be without legal significance. (Pl.'s Br.Supp.Mot.Dismiss at 5–6.) Defendants counter with several reasons why such a ruling would be legally significant.

█ Defendants argue first that a ruling of invalidity is an element of an unfair competition counterclaim that Defendants filed in a separate action (the '433 case), between Plaintiff and Defendants, which is presently pending before this court.[4] (Defs.' Resp.Pl.'s Mot.Dismiss at 5–6.) Citing *National Semiconductor Corp. v. Linear Tech. Corp.,* 703 F.Supp. 845 (N.D.Cal.1988), Defendants contend that public dedication does not moot an invalidity counterclaim where a defendant also has pending a counterclaim for unfair competition. (Defs.' Resp.Pl.'s Mot.Dismiss at 5–6.)

In *National Semiconductor,* the plaintiff claimed that the defendant's products infringed the plaintiff's patent. *See National Semiconductor,* 703 F.Supp. at 846. The defendant counterclaimed that the patent was invalid and that the plaintiff had engaged in unfair competition in filing the infringement claim. *Id.* During discovery, the defendant uncovered evidence that the patent was invalid. *Id.* at 850. Confronted with this evidence, the plaintiff dedicated the patent to the public and amended its complaint to remove the infringement claim. *Id.* The plaintiff then moved to dismiss as moot the defendant's counterclaim for judgment of invalidity. *Id.* Citing *Laitram,* the district court denied the motion holding that public dedication did not moot the invalidity counterclaim because a ruling on the validity of the patent would have "compelling significance." *Id.* at 852. The court determined

that if it did not rule on the validity of the patent, then the court might "effectively disarm the defendant's ability to establish one of the elements of its [unfair competition counterclaim]." *Id.* at 850.

The court finds *National Semiconductor* distinguishable from the case before the court. In *National Semiconductor,* the unfair competition counterclaim was pending in that case. Here, although Defendants' unfair competition counterclaim is pending before this court in a case between Plaintiff and Defendants, the counterclaim is not a part of this action. Defendants chose to file the unfair competition counterclaim in a separate case. The court will not engage in satellite or piecemeal litigation. Defendants will have an opportunity to argue in the '433 case both the invalidity of the '677 patent and how such invalidity is relevant to their unfair competition counterclaim.

Further, to prevail on the unfair competition counterclaim in the '433 case, Defendants will need to present evidence of bad faith or knowledge of invalidity. Many of the same facts, witnesses, and issues will resurface in the '433 case regardless of whether the court issues a declaratory judgment of invalidity in this case. The Fourth Circuit has repeatedly held that a declaratory judgment "action should not be used 'to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted.'" *Aetna Cas. & Sur. Co. v. Ind–Com Elec. Co.,* 139 F.3d 419, 422 (4th Cir.1998) (quoting *Aetna Cas. & Sur. Co. v. Quarles,* 92 F.2d 321, 325 (4th Cir.1937)). A declaratory judgment in this action would not result in a more just, efficient, and economical determination of the entire controversy.

█ Defendants argue next that a judgment of invalidity will have "legal significance concerning several patent applications Plaintiff currently has pending in the PTO that are related to the '677 patent." (Defs.' Resp. Pl.'s Mot.Dismiss at 7.) The court finds this argument unpersuasive. It appears from the record that Plaintiff has no remaining patent

4. Consolidated Case Nos. 2:95CV00321 and 2:97CV00031.

applications that are related to the '677 patent. (Pl.'s Reply Br.Supp.Mot.Dismiss Ex. 6, Ex. 7.) Even if such patent applications were pending, the court would not issue a declaratory judgment merely to influence or guide the PTO's determination. "It is not the role of federal courts to directly supervise the functions of the patent office by rendering advisory opinions as to the correctness of patent awards." *Bioxy, Inc. v. Birko Corp.,* 935 F.Supp. 737, 741 (E.D.N.C.1996).

◼ Defendants further argue that a judgment of invalidity is legally significant with respect to Defendants' request for attorney fees under 35 U.S.C. § 285. (6/12/98 Mot. Hr'g, Tr. at 15–19, 28–29.) Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Defendants contend that a judgment of invalidity "will provide a legal basis for the court to then find the case exceptional." (6/12/98 Mot.Hr'g, Tr. at 29.) While the court finds this to be a cogent and persuasive reason for issuing a judgment of invalidity, the court cannot ignore the numerous district courts that have found otherwise.

In *Jack Winter, Inc. v. Koratron Co.,* 327 F.Supp. 206, 211 (N.D.Cal.1971), the plaintiff sought a judgment declaring the defendant's patent invalid and the plaintiff's products noninfringing. The defendant subsequently dedicated its patent to the public. *Id.* The plaintiff followed with a motion for summary judgment. *Id.* Because the defendant dedicated the patent, the district court dismissed the plaintiff's claims as "not live controversies." *Id.* at 212. The court held that "[i]t would be futile" to rule on the plaintiff's claims because dedication rendered the patent "wholly ineffectual as a basis for any claim not only from and after the date of the dedication, but also from the time that any claims were asserted based upon this patent." *Id.* at 211. The court directed the plaintiff to present a separate motion on costs and expenses incurred. *Id.* at 212.

In *Chris–Craft Indus., Inc. v. Monsanto Co.,* 59 F.R.D. 282, 283–84 (C.D.Cal.1973), the plaintiff sought a judgment declaring the defendant's patent invalid and the plaintiff's products noninfringing. After the patent was found invalid in a separate case, the defendant dedicated the patent to the public as a means of disposing of all remaining claims related to the patent. *Id.* Seeking to strengthen its claim for attorney fees under § 285, the plaintiff moved to amend its complaint to assert the judicial ruling of invalidity. *Id.* The defendant moved to dismiss the action. *Id.* The district court denied the plaintiff's motion to amend and granted the defendant's motion to dismiss, holding:

Inasmuch as the dedication of the patent moots any dispute concerning its validity or infringement, it would seem appropriate for this court to dismiss the present case for want of a justiciable controversy. Such a dismissal does not deprive the court of jurisdiction to award attorney fees under § 285.

*Id.* at 284.

In *W.L. Gore & Assoc., Inc. v. Oak Materials Group, Inc.,* 424 F.Supp. 700, 701 (D.Del. 1976), the plaintiff alleged that the defendant's products infringed the plaintiff's patent. The defendant counterclaimed for a declaratory judgment of noninfringement and invalidity. *Id.* The plaintiff then formally disclaimed all claims to the patent and moved to dismiss the action under Rule 41(a)(2). *Id.* In response, the defendant moved for a judgment declaring the patent invalid and awarding attorney fees under § 285. *Id.* The district court refused to issue a judgment of invalidity:

As plaintiff has formally disclaimed all claims of the patent, there is no longer a justiciable case or controversy before the Court with respect to the validity of any of those claims. Disclaimed claims cannot be revived, through reissue or otherwise. [Citation omitted.] The patentee has no further right either to enforce the claims which have been disclaimed, or to obtain a reissue of any of those claims. Since all the claims have been disclaimed, the effect of plaintiff's action is the same as dedication of the patent to the public or abandonment. The court, therefore, no longer has any jurisdiction with respect to the validity or invalidity of the patent.

*Id.* at 702. The court, however, "retain[ed] jurisdiction for the purpose of awarding attorneys' fees." *Id.*

In *The Huey Co. v. Alvin and Co.*, 224 U.S.P.Q. 1071, 1984 WL 178988 (D.Conn. 1984), the plaintiff alleged that the defendants' products infringed the plaintiff's patent. A defendant counterclaimed for a declaratory judgment of invalidity. *Id.* During discovery, the parties uncovered evidence showing that the patent was invalid. *Id.* Faced with this evidence, the plaintiff dedicated the patent to the public. *Id.* The defendant countered with a motion for summary judgment on its counterclaim and for an award of attorney fees under § 285. *Id.* In response, the plaintiff moved to dismiss the action. *Id.* The district court held that it lacked jurisdiction to issue a judgment of invalidity: "The parties are apparently in agreement that where, as here, the patent in issue has been disclaimed, the controversy over the patent's validity has become moot and the court no longer has jurisdiction to grant summary judgment on the issue." *Id.* at 1072, 1984 WL 178988. The court further held that: "Although the disclaimer of the patent robs the court of jurisdiction to determine whether attorney fees should be awarded under 35 U.S.C. § 285." *Id.*

Finally, in *Bioxy*, 935 F.Supp. at 739, the plaintiff alleged that the defendants' products infringed the plaintiff's patent. The defendants counterclaimed for a judgment declaring its products noninfringing and the plaintiff's patent invalid. *Id.* The plaintiff subsequently decided not to pursue its infringement claim and moved pursuant to Rule 41(a)(2) for dismissal with prejudice. *Id.* The plaintiff further moved to dismiss without prejudice the defendants' counterclaim. *Id.* The defendants countered with a motion for summary judgment on their counterclaim and requested attorney fees under § 285. *Id.* The district court dismissed with prejudice the plaintiff's claim, then held that it "lack[ed] a jurisdictional basis for trying the counterclaim, as there [did] not exist a legitimate case or controversy" after dismissal of the plaintiff's claim. *Id.* at 740–41. Without issuing a declaratory judgment of invalidity, the court went on to consider the defendants' request for attorney fees. *Id.* at 744.

It is clear to the court from this overwhelming line of district court cases that a judgment of invalidity of patent is not legally significant with respect to a pending request for attorney fees under § 285. Defendants counter this line of cases with *Standard Packaging Corp. v. Curwood, Inc.*, 182 U.S.P.Q. 399 (N.D.Ill.1974). In *Standard Packaging*, the plaintiff alleged that the defendant's products infringed the plaintiff's patent. *Id.* at 399, 1974 WL 20546. The defendant counterclaimed for a judgment declaring its products noninfringing and the plaintiff's patent invalid, then moved for summary judgment and attorney fees. *Id.* After 13 months of extensive pretrial activity, the plaintiff determined that its patented claims were too broad or invalid. *Id.* As a result, the plaintiff filed with the PTO a disclaimer of rights and moved to dismiss with prejudice its infringement claim. *Id.* The district court dismissed the plaintiff's claim, then issued a judgment declaring the patent invalid. *Id.* The court held: "Defendant's counterclaim and subsequent summary judgment motion are valid and proper litigation devices, the effect of which cannot be avoided by Plaintiff's non-judicial disclaimers or declarations." *Id.* After issuing the judgment of invalidity, the court addressed the defendant's request for attorney fees under § 285. *Id.* at 400, 1974 WL 20546.

At first glance, it appears that *Standard Packaging* is on point with the issue before this court. Upon closer examination, however, *Standard Packaging* is in fact distinguishable from this case. Although the plaintiff in *Standard Packaging* was opposed to a judicial determination of the patent's validity subsequent to formal disclaimer and dismissal of the infringement claim, the plaintiff did so "without authority or argument." *Id.* at 399, 1974 WL 20546. Here, Plaintiff cites several cases supporting Plaintiff's argument that the issue of patent validity is moot after formal disclaimer or public dedication of the patent. The court finds these cases, many of which were decided after *Standard Packaging*, well reasoned and persuasive. Thus, a declaratory judgment of invalidity is not legally significant with respect to Defendants' request for attorney fees under § 285.

Defendants argue last that Rule 41(a)(2) prohibits dismissal of their counterclaim. Defendants' reliance on Rule 41(a)(2) is misplaced. Under Rule 41(a)(2), a court may not dismiss an action upon the plaintiff's motion unless all counterclaims filed prior to the motion can remain for "independent adjudication by the court." Fed.R.Civ.P. 41(a)(2). Dismissal is prohibited when it would destroy federal jurisdiction over a counterclaim. Where an independent jurisdictional basis exists for a counterclaim, Rule 41(a)(2) does not bar dismissal of a plaintiff's claim. Here, dismissal of Plaintiff's claim does not destroy federal jurisdiction over Defendants' counterclaim. An independent jurisdictional basis exists for the counterclaim: Federal patent jurisdiction, 28 U.S.C. § 1338. Because the counterclaim has a jurisdictional basis independent from Plaintiff's claim, Rule 41(a)(2) does not prohibit the court from dismissing Plaintiff's claim or require the dismissal of Defendants' counterclaim. The court lacks jurisdiction to determine the validity of the '677 patent, not because the court dismissed Plaintiff's claim, but because Plaintiff dedicated to the public the entire term of the patent and because a judgment of invalidity would be without legal significance in this case.

The issue of the validity of the '677 patent, which the parties agree is now considered void from its inception,[5] is moot. Because the issue of validity is moot, no case or controversy exists, and the court is without jurisdiction to issue a declaratory judgment of invalidity. The court will dismiss with prejudice Plaintiff's claim and without prejudice Defendants' counterclaim. All remaining motions, including Defendants' Motion for Summary Judgment, are moot. The court retains jurisdiction of this case to consider Defendants' § 285 request for attorney fees. Defendants are the prevailing party and, as such, may confine their § 285 motion to the issue of whether this case is "exception."

An order in accordance with this memorandum opinion will be filed contemporaneously herewith.

5. 6/12/98 Mot.Hr'g, Tr. at 18.

*ORDER*

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Plaintiff's Motion to Dismiss on Grounds of Mootness is granted (48). The court dismisses with prejudice Plaintiff's claim and without prejudice Defendants' counterclaim.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Supplement Report of Damages Expert [20], Plaintiff's Motion to Temporarily Stay or Dismiss Litigation Pending A Determination of Patent Reissue Application [28], Defendants' Motion for Summary Judgment of Patent Invalidity [34], Defendants' Motion to Compel [42], Plaintiff's Motion for Hearing on Motion to Dismiss [53], and Defendants' Motion for Extension of Pretrial Schedule [54] are moot.